IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:03-CR-00093 |
| v. | (Chief Judge Brann) |
| MICHAEL WALKER, | |
| Defendant. | |

MEMORANDUM OPINION

OCTOBER 25, 2021

I.   BACKGROUND

In 2003, Michael Walker was indicted in a superseding indictment on numerous charges including, as relevant here, interference with commerce by robbery ("Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951 (Count One), and using and carrying a firearm during a crime of violence—that crime being Hobbs Act Robbery—in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two).[1]

Count One alleged that, on October 26, 2001, Walker committed "robbery as that term is defined in Title 18, United States Code, Section 1951" when he "did unlawfully take and obtain personal property consisting of United States currency and checks, from . . . an employee of Mr. Z's Food Mart . . . [and] brandished a short-barreled shotgun, made a verbal demand for a bag containing approximately

---

[1]   Doc. 13 at 1-3. Walker was indicted for, and convicted of, three separate § 924(c) counts. Unless states otherwise, any reference to Walker's § 924(c) conviction relates to Count Two.

$9,624.21 in currency and approximately $7,118.81 in checks, and discharged the short-barreled shotgun."[2] Count Two further alleged that, on October 26, 2001, Walker used a short-barreled shotgun during the commission of "interference with commerce by robbery, a violation of Title 18, United States Code, Section 1951."[3]

Walker pled not guilty to the charges and proceeded to a jury trial. In issuing its instructions to the jury during that trial, the Court quoted in part the Hobbs Act underlying Count One: "Whoever in any way or degree obstructs, delays or effects commerce, or the movement of an article or commodity in commerce by robbery, or attempts or conspires to do so . . . commits a crime."[4] The Court did not, however, instruct the jury as to the elements of conspiracy. Rather, the Court instructed the jury as to Count One that

> robbery is the unlawful taking or obtaining of personal property of another against his will by threatening or actually using force, violence, or fear of injury, immediately or in the future to the person or property. So, in order to meet its burden of proof *that the defendant committed the robbery*, the government must establish beyond a reasonable doubt, first, that the defendant knowingly obtained or took the personal property of another, or from the presence of another. Second, that the defendant took this property against the victim's will by actual or threatened force or violence or fear of injury, whether immediately or threatened in the future.
>
> And third, that as a result of the defendant's actions interstate commerce or something moving in interstate commerce was delayed, obstructed or effected in any way or degree. . . .

---

[2] *Id.* at 1-2.
[3] *Id.* at 3.
[4] Doc. 127 at 66.

    And of course, the fifth element that the government must prove beyond a reasonable doubt, being that the defendant knowingly obtained or took personal property, and of course, property includes money as is charged in this particular indictment. The [sixth] element is that the government must prove beyond a reasonable doubt that the defendant unlawfully took this property against the victim's will by actual or threatened force, violence or fear of injury, whether immediate or in the future.[5]

As to Count Two, the Court instructed the jury that the indictment alleged that, on October 26, 2001, Walker had knowingly used, carried, and possessed a short-barreled shotgun "in further of [a] crime of violence . . . [that crime being] interference with commerce by robbery."[6] The Court emphasized that

    in order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt. First, that [Walker] *committed the crime of robbery as charged*. Second, the defendant knowingly brandished or used the firearm. And third, that the defendant used the firearm during and in relation to a crime. And the defendant has used a firearm if he or she has actively employed the firearm *in relation to a robbery*.[7]

The verdict form also described Count One as "interfering with commerce by the robbery at Mr. Z's food market on October 26, 2001" and described Count Two as "possessing and using a firearm, i.e. a short-barreled 12 gauge shotgun *during and in relation to a robbery*, a crime of violence, on October 26, 2001.[8]

---

5  *Id.* at 66-67 (emphasis added).
6  *Id.* at 68.
7  *Id.* at 69 (emphasis added).
8  Doc. 106 at 1 (emphasis added).

At the conclusion of trial, Walker was convicted of all charges, including Counts One and Two.[9] The criminal judgment noted that Walker had been convicted of "interference of commerce by robbery."[10] The Court imposed a total term of 780 months' imprisonment for Walker's convictions.[11]

Walker appealed his sentence, arguing that the mandatory minimum sentences imposed for the three § 924(c) convictions were unconstitutional; the United States Court of Appeals for the Third Circuit affirmed the sentence imposed.[12] Walker thereafter filed a 28 U.S.C. § 2255 motion and again argued that the sentence imposed was unconstitutional,[13] but that motion was denied was untimely.[14]

Walker later sought, and received, permission from the Third Circuit to file a second or successive § 2255 motion.[15] In his new § 2255 motion, Walker asserts that his § 924(c) conviction is invalid, as the predicate offense underlying that conviction does not qualify as a crime of violence.[16] Specifically, Walker contends that, applying the modified categorical approach, the predicate offense here is conspiracy to commit Hobbs Act Robbery, which does not qualify as a crime of violence, as it

---

[9] Docs. 79, 106.
[10] Doc. 139.
[11] *Id.* That sentence was subsequently lowered to 720 months' imprisonment in accordance with the First Step Act. Doc. 227.
[12] Doc. 152.
[13] Docs. 153, 154.
[14] Doc. 168.
[15] Doc. 199.
[16] Docs. 206, 230.

does not categorically involve the use, attempted use, or threatened use of violent physical force.[17]

The Government has responded to Walker's § 2255 motion and argues that his motion fails because the predicate offense underlying his § 924(c) conviction is Hobbs Act Robbery, which is a crime of violence.[18] This matter is now ripe for disposition[19] and, for the following reasons, the Court will deny Walker's motion.

## II. DISCUSSION

Walker was convicted of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c);[20] that statute provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to a mandatory term of seven years' imprisonment for brandishing that firearm.[21] The Third Circuit has concluded that Hobbs Act Robbery is a crime of violence[22] and, accordingly, if the predicate offense for Walker's § 924(c) conviction is Hobbs Act Robbery, his motion fails. The parties further agree that conspiracy to commit Hobbs Act Robbery is not a crime of violence and, thus,

---

[17] Doc. 206 at 8-12; Doc. 213 at 1-2; Doc. 230 at 4-5.
[18] Doc. 212 at 19-28; Doc. 231 at 3-8.
[19] This Court previously placed this matter in abeyance pending the Third Circuit's decision in *United States v. Collazo*, No. 18-2557. Doc. 218. The Court lifted that stay after the Third Circuit issued a decision in *United States v. Walker*, 990 F.3d 316, 325-30 (3d Cir. 2021), wherein the Third Circuit held that Hobbs Act Robbery and attempted Hobbs Act Robbery are crimes of violence. Doc. 228.
[20] Doc. 139.
[21] 18 U.S.C. § 924(c)(1)(A).
[22] *Walker*, 990 F.3d at 325-26.

cannot serve as a predicate offense that supports a § 924(c) conviction.[23] Consequently, the only genuine dispute is whether the predicate offense underlying Walker's § 924(c) conviction is Hobbs Act Robbery, or conspiracy to commit Hobbs Act Robbery.

Because the "Hobbs Act itself is a divisible statute"[24] which contains multiple alternate elements, including both robbery and conspiracy to commit robbery, this Court must determine which offense Walker committed. To do so, the Court must employ "a modified categorical approach, under which [it] may examine a limited set of documents to see which of the alternatives served as the basis for the individual's conviction."[25] When a conviction is obtained following a trial, the documents that this Court may examine, known as *Shepard*[26] documents, "include the charging document, . . . jury instructions, and judgment of conviction."[27]

The relevant *Shepard* documents make clear that Walker was convicted of Hobbs Act Robbery, not conspiracy to commit Hobbs Acts Robbery. First, the amended indictment specifically notes that Walker violated the Hobbs Act "by

---

[23] *See* Doc. 206 at 10-12; Doc. 212 at 23.
[24] *United States v. Robinson*, 844 F.3d 137, 149 (3d Cir. 2016) (Fuentes, J., concurring). *See also United States v. Carter*, 536 F. App'x 294, 297 (3d Cir. 2013) ("The Hobbs Act criminalizes not only robberies that affect interstate commerce, but also attempts and conspiracies to commit such robberies").
[25] *Grijalva Martinez v. Att'y Gen. of U.S.*, 978 F.3d 860, 868 (3d Cir. 2020). *See also United States v. Collazo*, 856 F. App'x 380, 383 (3d Cir. 2021) (examining "the indictment, plea agreement, and plea colloquy" to determine whether appellant pled guilty to Hobbs Act Robbery or conspiracy to commit Hobbs Act Robbery).
[26] *Shepard v. United States*, 544 U.S. 13 (2005).
[27] *United States v. McCants*, 952 F.3d 416, 427 (3d Cir.), *cert. denied*, 141 S. Ct. 431 (2020).

6

robbery" and alleges that he did so by "brandish[ing] a short-barreled shotgun, ma[king] a verbal demand for a bag containing approximately $9,624.21 in currency and approximately $7,118.81 in checks, and discharg[ing] the short-barreled shotgun."[28] The indictment further provides that the predicate offense underlying Count Two was "interference with commerce by robbery."[29]

Second, other than a passing reference to conspiracy when the Court quoted the Hobbs Act, the jury charge unambiguously instructed the jury that the predicate offense underlying Count Two was robbery. With regard to Count One, the jury was instructed as to the elements that the Government was required to establish "in order to meet its burden of proof that the defendant committed the [alleged] robbery" and the Court detailed the elements of Hobbs Act Robbery.[30] With respect to Count Two, the jury was instructed that the alleged crime of violence was "interference with commerce by robbery" and that, to establish Walker's guilt, the Government was required to prove beyond a reasonable doubt, *inter alia*, that Walker "committed the crime of robbery as charged."[31] Additionally, the verdict form described Count One as "interfering with commerce by . . . robbery" and described Count Two as "possessing and using a firearm, i.e. a short-barreled 12 gauge shotgun during and in relation to a robbery."[32]

---

[28] Doc. 13 at 1-2.
[29] *Id.* at 3.
[30] Doc. 127 at 66; *see id.* at 66-67.
[31] *Id.* at 68-69.
[32] Doc. 106 at 1.

Finally, the criminal judgment made clear that Walker had been convicted in Count One of "interference of commerce by robbery."[33] These *Shepard* documents all reference Hobbs Act Robbery, not conspiracy to commit Hobbs Act Robbery. Critically, the jury was never instructed on conspiracy and, consequently, it is simply not possible that the jury convicted Walker of conspiracy to commit Hobbs Act Robbery, or for the jury to have concluded that Walker brandished a firearm in relation to conspiracy to commit Hobbs Act Robbery.

The Court therefore concludes that the relevant *Shepard* documents support only one conclusion—that the predicate offense supporting Walker's § 924(c) conviction is Hobbs Act Robbery, not conspiracy to commit Hobbs Act Robbery. Because Hobbs Act Robbery qualifies as a crime of violence sufficient to support a § 924(c) conviction,[34] Walker's motion is without merit and will be denied.

### A.   Certificate of Appealability

The Court will deny Walker's § 2255 motion, and that decision is not appealable unless this Court or a circuit justice issues a certificate of appealability.[35] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."[36] To satisfy this standard Walker must demonstrate that reasonable jurists would find that the Court's assessment of the constitutional

---

[33]   Doc. 139.
[34]   *Walker*, 990 F.3d at 326.
[35]   28 U.S.C. § 2253(c)(1)(B).
[36]   *Id.* § 2253(c)(2).

claim is debatable or wrong.[37] The Court finds that Walker has not met this burden, as reasonable jurists would not debate that the language contained in the relevant *Shepard* documents demonstrate that the offense underlying Walker's § 924(c) conviction is Hobbs Act Robbery. The Court therefore declines to issue a certificate of appealability.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that Walker's § 924(c) conviction is supported by an adequate predicate offense, and his 28 U.S.C. § 2255 motion will be denied. The Court will also deny a certificate of appealability.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[37]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).